Brevard,'J.,
delivered the opinion of the court, as follows. From the report of this case, it appears that the plaintiff sued out an original capias ad respondendum against the defendant, returnable to the court of Common Pleas of Union district, for October term, 1807, which was not served till after the expiration of that term. That finding the writ had not been lawfully served, having been served after the return day thereof, he sued out an alias writ, returnable to the next succeeding return day, which was duly served. At the next court after the return of the alias writ, it further appears, the defendant, by his counsel, applied to the court to quash the said writs on two grounds. 1. Because the plaintiff had discontinued the first writ without leave of the court, which could not be a legal discontinuance ; and secondly, because the first writ did not appear to have been lodged in the sheriff’s office ; and for these causes the motion was granted. The plaintiff afterwards applied to the court to compel the sheriff to return the first writ non est in-ventus, which the court refused to do. He also applied to the court fpr leave to amend the alias writ, so as to give it the appearance of an original writ. This also was refused. The appeal to this court is to reverse these decisions of the District Court, and to do what that 'court ought to have done. ‘We have considered this case, and the arguments of the counsel of the parties, and we are all of opinion, that as the service of the original writ was after the term of the court next after it was returnable, the service of it was void; and, therefore, that the sheriff ought to have been ruled to return the writ according to the truth of the casé. And if the da- *262 ^enc^ant was not ^oua<^ i“ tbe district before the return day, or be« fore the appearance court, the sheriff ought to have returned non es¿ inventus. If such return had been made, the alias writ must have been considered as properly issued, and ought not to have been quashed. From the facts disclosed by the parties on the discussion of this motion, it appears satisfactorily, that the sheriff would have been well warranted in returning non est inventus to the original writ, and ought to have done so; and he ought now to do so, prefacing his return, if he pleases, with a particular statement of the facts and circumstances relative to his illegal service of it. Therefore, considering the original as a writ returned, as it ought to have been, we are of opinion the alias writ properly issued. Wherefore it is ordered, that the decision of the District Court, quashing the same writ, be reversed. This, we think, is a more correct and beneficial mode of procedure, than to consider the original writ as though it never had a legal existence, and allow the alias to be amended, in order to substitute it in room of the original. But if such an amendment were necessary, in furtherance of justice, we should not hesitate in permitting it to be made. The technical rule of the English law, that an original writ cannot be amended, because there is nothing to amend by, does not apply in this country. In England, original writs issue out of chancery ; and even there the rule is not universal in its operation. It is frequently relaxed, .or passed over, whenever the justice of the case requires it.